BIDDING PROCEDURES:

(a) that the public auction sale of the Assets will be conducted before this Court, on a date and time set by this Court, upon the terms and conditions set forth herein and in this Court's order directing the Debtor to conduct the auction (the "Public Auction Sale");

(b) that to be considered by the Debtor and the Bankruptcy Court, an offer for the purchase of the Assets must be a qualified competing bid ("Qualified Competing Bid") made by a qualified competing bidder ("Qualified Competing Bidder"), as provided herein;

(c) that a Qualified Competing Bid shall consist of an offer for the purchase of the Assets made by a Qualified Competing Bidder, in accordance with the terms hereof, and accompanied by a deposit as provided for herein;

(d) that an offer for the purchase of the Assets that is submitted by a party prior to the calendar call of this Motion, which the Debtor, reasonably believes to be financially able and interested in consummating a purchase of the Assets shall be deemed a Qualified Competing Bidder;

(e) each offer must be served upon Debtor's counsel: Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, 9th Floor, New York, NY 10022 Attn: A. Mitchell Greene and accompanied by evidence satisfactory to the Debtor, of the willingness and financial ability of the Qualified Competing Bidder to consummate the transaction to be deemed a Qualified Competing Bid;

(f) that Purchasers shall be deemed to be a Qualified Competing Bidder;

(g) that each Qualified Competing Bid must be served upon Debtor's counsel, Robinson Brog Leinwand Greene Genovese & Gluck PC, 875 Third Avenue, New York, New York 10022, Attn: A. Mitchell Greene, Esq., so as to be received no later than two (2) business days prior to the Public Auction Sale of the Assets;

(h) that each Qualified Competing Bidder (other than Purchasers) making a Qualified Competing Bid must deliver to Debtor's counsel, at the time of making such Qualified Competing Bid, a deposit in an amount equal to at least 10% of its Qualified Competing Bid (a "Deposit");

(i) that Deposits shall be made in immediately available funds (cashier's check, certified check, irrevocable letter of credit, or cash);

(j) that if a Qualified Competing Bidder becomes the Purchaser of the Assets, its Deposit shall be deemed to be non-refundable and shall be forfeited to the Debtor if such Purchaser fails to close for any reason other than a material breach by the Debtor or the termination of the sale pursuant to the terms thereof;

(k) that if a Qualified Competing Bidder does not become the Purchaser of the Assets, its Deposit shall be returned to it within the earlier of (i) three business days after the Debtor's closing of a sale of the Assets to Purchaser; or (ii) 30 day's after the date of the Public Auction Sale;

(l) that a Qualified Competing Bid must contain an offer to purchase all of the Assets *provided, however,* that the Debtor, in its sole discretion, may waive compliance with this paragraph;

(m) that a Qualified Competing Bid must contain terms and conditions no less favorable to the Debtor's estate than those terms and conditions contained herein or in the APA;

(n) that a Qualified Competing Bid must not be contingent upon either financing or the conduct or results of any due diligence investigation;

(o) that a Qualified Competing Bid must provide for a closing date in accord with that set forth in the APA;

(p) that the Debtor, in the exercise of its discretion, may adjourn the Public Auction Sale on the record on the date of the Public Auction Sale if the Debtor believes that a higher or better offer may be made by a potential purchaser upon the completion of due diligence that has not, as of the date of the Public Auction Sale, been completed;

(q) that at the Debtor's sole reasonable discretion, the Debtor may treat as waived and revoked any Qualified Competing Bid made by any Qualified Competing Bidder (other than Purchasers) who does not attend the Public Auction Sale;

(r) that at the time and place of the Public Auction Sale, the initial offer for the purchase of the Assets shall be deemed to be the offer made by Purchaser in accordance with the terms thereof (the "Purchaser's Offer");

(s) that at the time and place of the Public Auction Sale, if no Qualified Competing Bid has been timely submitted that constitutes a higher and better offer for the Assets than the Purchaser's offer, the Debtor shall move the Bankruptcy Court for the approval of the Purchaser's offer, and upon entry of an order of the Bankruptcy Court approving the Purchaser's offer, the Purchaser shall be deemed to be successful Purchaser;

(t) that at the time and place of the Public Auction Sale, if one or more Qualified Competing Bids have been timely submitted that constitute a higher and better offer for the Assets than the Purchaser's offer, and neither Purchaser, nor any other Qualified Competing Bidder wishes to submit a revised, higher and better bid on the record, the Debtor shall submit the Qualified Competing Bid to the Bankruptcy Court as the highest and best Qualified Competing Bid and shall move the Bankruptcy Court for the approval of the Qualified Competing Bid, and upon Bankruptcy Court Approval, such bidder shall be deemed to be the successful purchaser;

(u) that at the time and place of the Public Auction Sale if one or more Qualified Competing Bids have been timely submitted that constitute a higher and better offer for the Assets than the Purchaser, the Debtor shall conduct an auction among Purchaser and any Qualified Competing Bidder or Bidders that has or have submitted a Qualified Competing Bid or Bids;

(v) that the minimum opening bid at the Public Auction Sale shall be in the amount of the highest and best Qualified Competing Bid submitted to the Debtor in accordance with the terms hereof, which minimum opening bid shall not be less than $50,000 more than Purchasers' offer;

(w) that subsequent bids made on the record at the Public Auction Sale shall be in minimum increments of $25,000;

(x)   that at such time as it appears to the Debtor in the exercise of its reasonable discretion, that neither Purchaser nor any Qualified Competing Bidder present at the Public Auction Sale is prepared to advance the bidding, the Debtor shall (after giving fair warning, on the record, to those entities present) close the bidding on the record and the entity which immediately prior to the close of the bidding shall have submitted the highest and best offer for the purchase of the Assets shall be declared the purchaser of the Assets, subject to an order of the Bankruptcy Court approving the sale;

(y)   that in the event that the purchaser of the Assets is an entity other than Purchaser, then such purchaser shall be bound by all of the terms of the APA (as such terms, including those with respect to the purchase price, shall have been modified by the terms of such purchaser's winning bid); and

(z)   that in the event that the purchaser of the Assets is an entity other then Purchasers, then Purchasers shall be entitled, subject to Bankruptcy Court Approval, to a break up fee equal to the actual out of pocket expenses Purchasers incurred in connection with the execution of the APA, including without limitation its legal and other professional fees up to three (3%) percent of the purchase price paid pursuant to the successful purchaser up to $35,000.00.