ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Telephone No.: 212-603-6300

*Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

**JURGIELEWICZ DUCK FARM,**

                Debtor.
-----------------------------------------------------------X

<u>HEARING DATE AND TIME</u>

**June 22, 2010 at 11:00 a.m.**

Chapter 11

Case No.: 10-70231 (DTE)

**NOTICE OF MOTION
FOR ORDER EXTENDING DEBTOR'S EXCLUSIVE RIGHT TO FILE A PLAN OF
REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO**

      **PLEASE TAKE NOTICE**, that upon the annexed motion of **Jurgielewicz Duck Farm**, debtor and debtor in possession herein (the "Debtor"), by its attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.** dated May 12, 2010, a hearing (the "Hearing") will be held before **the Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722 in Courtroom 760 on June 22, 2010 at 11:00 A.M.** in the forenoon of that day, or as soon thereafter as counsel can be heard, for an order pursuant to Section 1121 of the Bankruptcy Code Extending the Debtor's Exclusive Right to File a Plan of Reorganization and to Solicit Acceptances with Respect Thereto and for such other and further relief as this Court deems just and proper.

      **PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief

sought in the application, must be in writing setting forth the facts and authorities upon which an objection is based, filed with the Clerk of the Court, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722, with a copy to Chambers, provided, however, that pursuant to *general order* No. M-462 re Electronic Case Filing Procedures (as amended from time to time), entities with Internet access shall file objections (formatted with Adobe Acrobat, rider 3.0) at http://www. nyeb.uscourts.gov., and served so as to be received by the attorneys for the Debtor, Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, New York, New York 10022, Attention: A. Mitchell Greene no later than **three (3) days** prior to the Hearing Date.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice except by announcement of such adjournment in open court on the date scheduled for the Hearing.

**DATED:** New York, New York
May 12, 2010

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
**Attorneys for Debtor**
875 Third Avenue
New York, New York 10022
Tel. No. (212) 603-6300

By: /s/ A. Mitchell Greene
      **A. Mitchell Greene**

ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Telephone No.: 212-603-6300

*Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

**JURGIELEWICZ DUCK FARM**

Debtor.
------------------------------------------------------------X

HEARING DATE AND TIME

June 22, 2010 at 10:00 a.m.

Chapter 11

Case No.: 10-70231 (DTE)

**DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING DEBTOR'S EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF**

TO THE HONORABLE DOROTHY T. EISENBERG,
UNITED STATES BANKRUPTCY JUDGE:

**Jurgielewicz Duck Farm**, debtor and debtor in possession herein (the "Debtor"), by its attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, seeks the entry of an order pursuant to section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") extending the time within which the Debtor has the exclusive right to file a plan of reorganization and to solicit acceptances with respect thereto for 120 days from May 12, 2010, through and including September 9, 2010 and November 8, 2010, respectively. In support thereof, the Debtor states as follows:

1. The Debtor, which was established in 1919, operates a free range duck farm from

the premises located at 68 Barnes Road, Moriches, New York. The Debtor is one of the five major producers of White Peking Ducklings in the country and is the only producer of Free Range Long Island Ducklings in the United States. It is the largest duck producer on Long Island, NY.

2. The Debtor owns several parcels of real property in New York from which it operates its farm and a house located approximately five (5) miles from the main farm. The Debtor also owns three (3) parcels of property in Ohio. Each of the parcels of real property is encumbered by a mortgage. The following are the Debtor's secured creditors[1]: (1) Bellwether LLC holds a claim in the estimated amount of $500,000 which claim is secured on the home located at 7 Widgeon Road, Center Moriches, New York[2]; (2) Cargill Inc. holds a claim in the approximate amount of $331,837.26 which claim is secured on 176 acres of real property located in Wayne, Ohio; (3) First Pioneer Farm Credit, ACA, ("First Pioneer") holds a claim in the amount of $875,913.00 which claim is secured by a mortgage on two (2) parcels of real estate consisting of approximately 37.2 acres of land from which the Debtor operates its farm. First Pioneer also has a security interest in all of the Debtor's personal property; (4) Kalmbach Feeds Inc. holds a claim in the amount of $373,618.87 which claim is secured on two (2) parcels of real estate consisting of approximately 132 acres of land in Wayne, Ohio; (5) Titmus Enterprises ("Titmus") holds a claim in the approximate amount of $1,101,000 which claim is secured by a mortgage on two (2) parcels of real estate consisting of approximately 14.8 acres of farm land located at Barnes Road, Moriches, New York. Titmus commenced a foreclosure proceeding against the Debtor and obtained a judgment of foreclosure in December 2009, prior to the

---

1 GMAC is scheduled as a secured creditor in connection with a 2004 Chevy Tahoe owned by the Debtor and Evergreen 9 Corp. is scheduled as a secured creditor in connection with purchase order financing it provided to the Debtor pre-petition. Neither GMAC nor Evergreen 9 Corp. are secured on any other real or personal property of the Debtor.

{00479892.DOC;1 }

2

Petition Date.

3. The balance of the Debtor's other obligations consist of real estate taxes scheduled in the amount of $138,948.94 and filed in the amount of $301,701.12[3] and unsecured obligations, generally consisting of trade debt, contract and lease obligations (including possible rejection damages), employee obligations, specifically in connection with workers compensation obligations, scheduled in the aggregate amount of $2,837,180.88. The Debtor is also the defendant in various litigations, including litigation regarding the Debtor's compliance with New York State environmental regulations which claim amounts are currently unliquidated.

**Events Leading to the Debtors' Chapter 11 Cases.**

4. While the Debtor's duck product is in high demand, increased feed and fuel costs prior to the Petition Date negatively impacted the Debtor's cash flow and led to the Debtor's inability to pay its debts as they came due. The Debtor was soon unable to obtain credit terms from its feed vendor, which vendor required cash on delivery payments, further limiting the Debtor's cash flow and inhibiting the Debtor's ability to accumulate sufficient cash to increase its duck production, which would in turn increase its profitability. Also prior to the Petition Date, the Internal Revenue Service imposed a levy against South Shore Packers, Inc., the Debtor's companion case, which levy was executed improperly against the Debtor's vendors, further limiting the Debtor's cash flow. At that juncture, the Debtor, after consultation with its advisors, determined that a chapter 11 filing was its best strategic alternative and would best serve the interests of its creditors, employees, and customers.

5. The Debtor and an affiliated corporation, South Shore Packers, Corp., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on **January 12, 2010** (the

---

2  Benjamin Jurgielewicz, the Debtor's general partner, resides in the home located at 7 Widgeon Road.
3 The Debtor's motion for an order reclassifying, reducing and/or expunging Proof of Claim No. 30 filed by the
{00479892.DOC;1 }

3

"Petition Date"). On January 26, 2010, the Debtor filed its schedules of assets and liabilities, and list of creditors and executory contracts required pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

6. The Debtor has continued to manage and operate its business pursuant to sections 1107 and 1108 of the Bankruptcy Code. No Committee of unsecured creditors was formed by the Office of the United States Trustee in this case.

## JURISDICTION AND VENUE

7. Jurisdiction of this civil proceeding is vested in the United States District Court for this District pursuant to section 1334 of title 28 of the United States Code (the "Judicial Code").

8. This civil proceeding has been referred to this Court pursuant to section 157 of the Judicial Code.

9. This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is section 1121 of the Bankruptcy Code.

10. Venue of this civil proceeding in this district is proper pursuant to section 1409 of the Judicial Code.

11. Since the filing of the Debtor's chapter 11 petition, the Debtor has taken steps to stabilize its business operations, and has sought and obtained approval for Debtor in Possession financing in the amount of $400,000. Unfortunately, the Debtor's efforts to stabilize its business has not yet resulted in a positive cash flow position. The Debtor has therefore determined in its best business judgment that a sale of assets is the best option for the farm's survival. Debtor has

---

Suffolk County Treasurer's Office is scheduled to be heard on May 20, 2010 at 10:00 a.m.
{00479892.DOC;1 }

4

submitted a sale motion and a hearing on the proposed bidding procedures and notice of sale is scheduled to proceed on May 20, 2010. Also, as set forth on the record of the hearings held on April 29, 2010, and thereafter on May 11, 2010, the issue as to whether a sale of the Debtor's assets pursuant to Section 363 of the Bankruptcy Code will be free and clear of the interests of the Town of Brookhaven and the County of Suffolk are to be determined by this Court in advance of the proposed sale. Objections to the sale and bid procedures have been interposed by the Town of Brookhaven and Suffolk County related to the Debtor's sale of the development rights on certain parcels of the Debtor's property. Objections have also been interposed by the Attorney General's office on behalf of the New York State Department of Environmental Conservation and Save the Forge River, Inc. related to environmental compliance issues at the property. As indicated in footnote 3 herein, the Debtor has also filed its motion objecting to the proof of claim filed by Suffolk County for real estate taxes which motion is returnable before this Court on May 20, 2010 at 10:00 a.m.

12. While all parties are cognizant of the need to proceed as expeditiously as possible towards resolution of the issues raised in the various objections to the sale and the bidding procedures, the Debtor also requires sufficient time to market its business and property prior to any sale. Only at such time as a sale is approved will the Debtor be in a position to formulate a realistic plan of reorganization and any attempts to do so now would be premature.

13. Debtor submits that an extension of time of its exclusivity and acceptance periods are therefore warranted and necessary to allow sufficient time for approval of bidding procedures, marketing efforts and a sale hearing at which point the Debtor will be in a position to propose a confirmable plan of reorganization.

**RELIEF REQUESTED**

{00479892.DOC;1 }

5

14. Pursuant to Section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a plan of reorganization during the first 120 days following the commencement of a case under Chapter 11 (the "Exclusivity Period"). In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, a debtor is given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the date of the order for relief (the "Acceptance Period"). Pursuant to Section 1121(d) of the Bankruptcy Code, this Court may extend the Debtor's exclusive right to file a plan and solicit acceptances thereto pursuant to Sections 1121(b) and (c) of the Bankruptcy Code. The filing of a motion pursuant to Section 1121(d) prior to the deadline tolls the deadline pending resolution of the motion. *See*, 11 U.S.C. Section 1121(d)(1) (Subject to paragraph (2) on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section."). The Debtor's exclusivity period expires on May 12, 2010. This is the Debtor's first request for an extension of the Exclusivity and Acceptance Periods. The Debtor seeks the entry of an order extending the Exclusivity Period for 120 days to and including September 9, 2010, and in the event the Debtor timely files a plan on or before September 9, 2010, for an extension of the Acceptance Period to and including November 8, 2010 to ensure that this Court, the Debtor and other parties in interest are not distracted by the filing of any competing or premature plans.

15. The Debtor submits it should be granted the requested extensions of the Exclusivity and Acceptance Periods so that it can and will have sufficient time to market its business and evaluate its chapter 11 exit scenarios before formulating a plan of reorganization.

### CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIOD

16. The Debtor's exclusive right to file a plan and solicit acceptances thereto may be

{00479892.DOC;1 }

6

extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

17. The Debtor herein bears the burden of establishing that cause exists for any extension of exclusivity under Section 1121(d) of the Bankruptcy Code. *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987). Whether cause exists to extend the Debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. *See, e.g., First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *Texaco*, 76 B.R. at 325; *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); *In re Tony Downs Foods Co.*, 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. *See*, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); *See, also, In re Perkins*, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [section 1121(d)] is flexibility.").

18. The Debtor submits that in light of the fact and circumstances as set forth herein, and in order to provide the Debtor with sufficient time to market its business and property and evaluate its chapter 11 exit scenarios, that good cause exists to extend the Exclusivity and Acceptance Periods. The Debtor believes that the extension as requested herein will promote the orderly, and hopefully consensual, reorganization of the Debtor without the need to devote unnecessary time, money and energy to defending against or responding to a premature and/or competing plan filed by a third party.

19. Debtor has served this application on the Office of the United States Trustee, its secured creditors and their counsel, if known, the Debtor's twenty largest unsecured creditors and all parties who have filed Notices of Appearance in this case. Debtor submits that such service be deemed appropriate and sufficient under the circumstances.

20. No prior application for the relief sought herein has been made by the Debtor to

this or any other Court.

        **WHEREFORE**, the Debtor respectfully requests that this Court grant this motion and enter an order pursuant to Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtor's exclusive right to file a plan of reorganization to and including **September 9, 2010;** (ii) and in the event that the Debtor files a plan of reorganization prior to **September 9, 2010,** further extending the Debtor's right to solicit acceptances with respect thereto to and including **November 8, 2010**; and (iii) granting to the Debtor such other and further relief as may be just and appropriate.

**Dated:** New York, New York
May 12, 2010

                                      **ROBINSON BROG LEINWAND**
                                      **GREENE GENOVESE & GLUCK P.C.**
                                      Attorneys for the Debtor
                                      875 Third Avenue
                                      New York, New York 10022
                                      Tel.: 212-603-6300
                                      By: /s/ A. Mitchell Greene
                                            A. Mitchell Greene