· ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

875 THIRD AVENUE

NEW YORK, NEW YORK 10022-0123

(212) 603-6300

FAX (212) 956-2164

May 17, 2010

Lori A. Schwartz
(212) 603-6334
ls@robinsonbrog.com

Honorable Dorothy T. Eisenberg
United States Bankruptcy Court – EDNY
Long Island Federal Courthouse
760 Federal Plaza
Central Islip, NY 11722

   Re: Jurgielewicz Duck Farm
     <u>Chapter 11 Case No. 10-70231 (DTE)</u>

Dear Judge Eisenberg:

  In accordance with Your Honor's direction at the hearing held on May 11, 2010, enclosed please find a courtesy copy of the Debtor's Proposed Bid Procedures and Proposed Notice of Sale.

  Please have your chambers contact me with any questions.

           Respectfully submitted,

           /s/ Lori A. Schwartz
           Lori A. Schwartz

Enc.

{00481157.DOC;1 }

BIDDING PROCEDURES:

(a) In the event a Qualified competing Bid is received for the Assets, a the public auction sale of the Assets will be conducted at the offices of Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, New York, NY 10022, on May ___, 2010 at 10:00 a.m. or at a date and time set by this Court, upon the terms and conditions set forth herein and in this Court's order directing the Debtor to conduct the auction (the "Public Auction Sale");

(b) that to be considered by the Debtor and the Bankruptcy Court, an offer for the purchase of the Assets must be a qualified competing bid ("Qualified Competing Bid") made by a qualified competing bidder ("Qualified Competing Bidder"), as provided herein;

(c) that a Qualified Competing Bid shall consist of an offer for the purchase of the Assets made by a Qualified Competing Bidder, in accordance with the terms hereof, and accompanied by a deposit as provided for herein;

(d) that a Qualified Competing Bid must provide for compliance with the New York State Department of Conservation issued SPDES permit to the satisfaction of the NYS Department of Environmental Conservation;

(e) that an offer for the purchase of the Assets that is submitted by a party prior to the Public Auction Sale, which the Debtor, reasonably believes to be financially able and interested in consummating a purchase of the Assets shall be deemed a Qualified Competing Bidder;

(f) in order to be a Qualified Competing Bidder, an offer must be served upon Debtor's counsel: Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, 9th Floor, New York, NY 10022 Attn: A. Mitchell Greene and accompanied by evidence satisfactory to the

Debtor, of the willingness and financial ability of the Qualified Competing Bidder to consummate the transaction so as to be received no later than two (2) days prior to the Public Auction Sale;

(g) that Purchasers shall be deemed to be a Qualified Competing Bidder;

(h) that each Qualified Competing Bidder (other than Purchasers) making a Qualified Competing Bid must deliver to Debtor's counsel, at the time of making such Qualified Competing Bid, a deposit in an amount equal to at least 10% of its Qualified Competing Bid (a "Deposit");

(i) that Deposits shall be made in immediately available funds (cashier's check, certified check, or cash);

(j) that if a Qualified Competing Bidder becomes the Purchaser of the Assets, its Deposit shall be deemed to be non-refundable and shall be forfeited to the Debtor if such Purchaser fails to close for any reason other than a material breach by the Debtor or the termination of the sale pursuant to the terms thereof;

(k) that if a Qualified Competing Bidder does not become the Purchaser of the Assets, its Deposit shall be returned to it within the earlier of (i) three business days after the Debtor's closing of a sale of the Assets to Purchaser; or (ii) 30 days after the date of the Public Auction Sale; *provided however,* that the Deposit provided by the Qualified Competing Bidder which is the second highest at the Public Auction Sale shall be designated the backup bidder whose bid shall remain open and Deposit maintained by Debtor's counsel, and in the event the successful purchaser fails to close on the sale, the Debtor shall be authorized to close on a sale to the backup bidder;

(l) that a Qualified Competing Bid must contain an offer to purchase all of the Assets *provided,*

*however,* that the Debtor, in its sole discretion, may waive compliance with this paragraph;

(m) that a Qualified Competing Bid must contain terms and conditions no less favorable to the Debtor's estate than those terms and conditions contained herein or in the APA;

(n) that a Qualified Competing Bid must not be contingent upon either financing or the conduct or results of any due diligence investigation;

(o) that a Qualified Competing Bid must provide for a closing date in accord with that set forth in the APA;

(p) that the Debtor, in the exercise of its discretion, may adjourn the Public Auction Sale on the record on the date of the Public Auction Sale if the Debtor believes that a higher or better offer may be made by a potential purchaser upon the completion of due diligence that has not, as of the date of the Public Auction Sale, been completed;

(q) that at the Debtor's sole reasonable discretion, the Debtor may treat as waived and revoked any Qualified Competing Bid made by any Qualified Competing Bidder (other than Purchasers) who does not attend the Public Auction Sale;

(r) that the Debtor at its sole discretion and in its best business judgment may determine whether (1) to accept any offer for the Assets; (2) to adjourn the Public Auction Sale; or (3) to determine which offer it believes to be the highest and best offer for the sale of the Assets, and/or (4) to amend the Bid Procedures contained herein;

(s) that at the time and place of the Public Auction Sale, the initial offer for the purchase of the Assets shall be deemed to be the offer made by Purchasers in accordance with the terms thereof (the "Purchasers' Offer");

(t) If no Qualified Competing Bid has been timely submitted that constitutes a higher and better offer for the Assets than the Purchasers' offer, the Debtor shall move the Bankruptcy Court for the approval of the Purchasers' offer, and upon entry of an order of the Bankruptcy Court approving the Purchasers' offer, the Purchasers shall be deemed to be the successful Purchasers;

(u) that at the time and place of the Public Auction Sale, if one or more Qualified Competing Bids have been timely submitted that constitute a higher and better offer for the Assets than the Purchasers' offer, and neither Purchasers, nor any other Qualified Competing Bidder wishes to submit a revised, higher and better bid on the record, the Debtor shall submit the Qualified Competing Bid to the Bankruptcy Court as the highest and best Qualified Competing Bid and shall move the Bankruptcy Court for the approval of the Qualified Competing Bid, and upon Bankruptcy Court Approval, such bidder shall be deemed to be the successful purchaser;

(v) that at the time and place of the Public Auction Sale if one or more Qualified Competing Bids have been timely submitted that constitute a higher and better offer for the Assets than the Purchasers, the Debtor shall conduct an auction among Purchasers and any Qualified Competing Bidder or Bidders that has or have submitted a Qualified Competing Bid or Bids;

(w) that the minimum opening bid at the Public Auction Sale shall be in the amount of the highest and best Qualified Competing Bid submitted to the Debtor in accordance with the terms hereof, which minimum opening bid shall not be less than $50,000 more than Purchasers' offer, or no less than $125,000 plus all amounts advanced by the lender to the Debtor as authorized by the Bankruptcy Court;

(x) that subsequent bids made on the record at the Public Auction Sale shall be in minimum increments of $25,000;

(y) that at such time as it appears to the Debtor in the exercise of its reasonable discretion, that neither Purchasers nor any Qualified Competing Bidder present at the Public Auction Sale is prepared to advance the bidding, the Debtor shall (after giving fair warning, on the record, to those entities present) close the bidding on the record and the entity which immediately prior to the close of the bidding shall have submitted the highest and best offer for the purchase of the Assets shall be declared the purchaser of the Assets, subject to an order of the Bankruptcy Court approving the sale;

(z) that in the event that the purchaser of the Assets is an entity other than Purchasers, then such purchaser shall be bound by all of the terms of the APA (as such terms, including those with respect to the purchase price, shall have been modified by the terms of such purchaser's winning bid);

(aa) that in the event that the purchaser of the Assets is an entity other then Purchasers, then Purchasers shall be entitled, subject to Bankruptcy Court Approval, to reimbursement of reasonable out of pocket expenses Purchasers incurred in connection with the execution of the APA, including without limitation its legal and other professional fees up to $35,000.00; and

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>**JURGIELEWICZ DUCK FARM,**<br><br>Debtor. | Chapter 11<br><br>Case No. 8-10-70231-DTE |

## NOTICE OF SALE

PLEASE TAKE NOTICE, that Jurgielewicz Duck Farm (the "Debtor") is selling certain of its assets at a public auction sale (the "Public Auction Sale"). In the event of the receipt of a Qualified Competing Bid, the Public Auction Sale will be conducted at the offices of Robinson Brog Leinwand Greene Genovese & Gluck P.C., counsel to the Debtor, 875 Third Avenue, 9th Floor, New York, New York 10022 on _____, 2010 at 10:00 a.m.

The assets to be sold consist of the following:

**REAL ESTATE ASSETS:**

Six (6) parcels of real estate together with any improvements thereon located at Barnes Road, Moriches, New York, and identified as follows:

.14 acres of land: Dist: 0200; Sect.: 788.00; Blk.: 01.00; Lot.: 003.000

2.2 acres of land: Dist: 0200; Sect.: 788.00; Blk.: 01.00; Lot.: 001.005

4 acres of land: Dist: 0200; Sect.: 751.00; Blk.: 02.00; Lot.: 005.000

33.2 acres of land: Dist: 0200; Sect.: 788.00; Blk.: 01.00; Lot.: 001.006

5 acres of land: Dist: 0200; Sect.: 750.00; Blk.: 07.00; Lot.: 001.003

9.8 acres of land: Dist: 0200; Sect.: 750.00; Blk.: 07.00; Lot.: 001.001

(the "Real Estate Assets").

**OTHER ASSETS:**

Feather Processing Equipment; Growout Equipment; Hatchery Equipment; Processing Equipment; Refrigeration Equipment; Shipping Equipment and Water Treatment Equipment, duck inventory, 28 vehicles, accounts receivable,

fixtures and personal property, telephone numbers, operating permits and licenses, ( collectively with the Real Estate Assets, "the Assets")

ASSETS EXCLUDED FROM THE SALE:

12 acres of property located at McCutcheonville Road, Wayne, Ohio

44 acres of property located at Fostoria Road, Wayne, Ohio

120 acres of property located at McCutcheonville Road, Wayne, Ohio

House located at 7 Widgeon Road, Center Moriches, NY

2004 Chevy Tahoe

Actions and Recoveries pursuant to Chapter 5 of the Bankruptcy Code

(the "Excluded Assets").

## TERMS AND CONDITIONS OF SALE

PLEASE TAKE NOTICE, that the proposed purchaser for the Assets is the Bankruptcy Court approved lender to the Debtor which has been authorized to advance up to $400,000 to the Debtor. The purchase price consists of the release of the obligation to repay the amounts advanced by the lender, the assumption of the secured obligations held by First Pioneer Farm Credit, ACA ($875,913.00), Titmus Enterprises ($1,101,000.), and the assumption of real estate taxes related to the Real Estate Assets ($275,430.88), and a cash component of $75,000 for a cash equivalent of $2,727,343.88.

PLEASE TAKE FURTHER NOTICE that the Assets are being sold and delivered "AS IS", "WHERE IS" without any representations or warranties.

PLEASE TAKE FURTHER NOTICE, that certain of the Assets are encumbered by real estate tax claims, mortgages and/or security interests which obligations are to be assumed by the proposed purchaser.

PLEASE TAKE FURTHER NOTICE that the New York State Department of Environmental Conservation is prosecuting an administrative enforcement proceeding against the Debtor in connection with alleged violations of its DEC issued State Pollutant Discharge Elimination System ("SPDES") permit.

PLEASE TAKE FURTHER NOTICE, that the Town of Brookhaven and Suffolk County hold interests in certain of the Real Estate Assets arising out of their purchase of development rights in the parcels.

**PLEASE TAKE FURTHER NOTICE**, that the proposed purchaser alleges that a sale pursuant to Section 363(b) and (f) of the Bankruptcy Code will be free and clear of the development interests of the Town of Brookhaven and Suffolk County. The Town of Brookhaven and Suffolk County dispute that position. The issue as to whether a sale pursuant to Section 363(b) and (f) of the Bankruptcy Code will be free and clear of the development rights of the Town of Brookhaven and Suffolk County may have to be determined by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE**, that a copy of the Bidding Procedures governing the Public Auction Sale and/or inquiries regarding the Assets and the Public Auction Sale may be obtained by contacting the undersigned counsel to the Debtor.

Dated:   New York, New York              By Order of the Court
         May ___, 2010

**ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.**
Counsel to the Debtor
875 Third Avenue
New York, New York 10022
Attn: Lori A. Schwartz
(212) 603-6334
ls@robinsonbrog.com