GETMAN & BIRYLA, LLP
800 Rand Building
14 Lafayette Square
Buffalo, New York 14203-1995
Tel. (716) 853-4340

*Attorneys for Creditor, Cargill, Incorporated*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

October 26, 2010 at 11:00 a.m.

IN RE:

BK No. 10-70231

JURGIELEWICZ DUCK FARM,

_____Debtor._____

Chapter 11

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that upon the annexed motion of Cargill, Incorporated ("Cargill") Creditor herein, through its attorneys, Getman & Biryla, LLP, dated October 5, 2010, this Court will be moved for the entry of an Order in substantially the same form submitted as *Exhibit A*, and pursuant to Section 1112(b) of Title 11 of the United States Code, 11 U.S.C. §101 *et sec.* (the "Bankruptcy Code"), and Rule 1017(f) of the Federal Rules of Bankruptcy Procedure, converting this to a case under Chapter 7 of the Bankruptcy Code.

Cargill respectfully submits that for the reasons set forth herein, such relief is in the best interests of the Creditors and the Estate and that cause exists under Section 1112(b)(4) of the Bankruptcy Code to warrant such relief.

In support of this motion, Cargill respectfully states as follows:

1. On January 12, 2010, the Debtor, Jurgielewicz Duck Farm, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. Since the Petition Date, the Debtor has continued in possession of its property and the management of its business as a Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. Since the Petition Date, the Debtor has filed Monthly Operating Reports for the months of January through August 2010, inclusive. The Monthly Operating Reports for the Debtor appear on the Court's docket as follows:

| Date of Report | Docket Entry Number |
|---|---|
| January 20, 2010 | 48 |
| February 20, 2010 | 50 |

| | |
|---|---|
| March 20, 2010 | 53 |
| April 20, 2010 | 62 & 74 |
| May 20, 2010 | 86 |
| June 20, 2010 | 87 |
| July 20, 2010 | 92 |
| August 20, 2010 | 95 |

4. A review of the Monthly Operating Reports on the docket entries noted above, show that during the time the Debtor has been in its Chapter 11 it has sustained losses of $146,419.00.

5. In addition to the losses sustained by the Debtor, as noted above, the Debtor has also incurred post petition counsel fees by Sinnreich, Kosakoff & Massina in the amount of $60,761.14, as is referenced on docket entry number 94.

6. Furthermore, and upon information and belief, the Debtor has likely incurred sizeable, but yet unreported, fees for the work performed by its primary counsel, Robinson Brog Leinwand Greene Genovese & Gluck, P.C. in connection with their handling of the Debtor's affairs while the Debtor has been operating under Chapter 11.

7. Finally, the extent of losses being incurred by the Debtor while operating under Chapter 11 are not accurately portrayed on the Monthly Operating Reports submitted by the Debtor. For the Monthly Operating Reports submitted in January, February, March and April, there is no mention by the Debtor of any delinquencies with the payments to its post petition creditors. Beginning on the May 2010 operating report, there is a reference by the Debtor of a single unpaid post petition accounts payable in the amount of $8,087.00 for a debt owed Eastport Feeds.

8. The Debtors position appears to be that the Eastport Feeds debt is the only unpaid post petition debt from May 2010 to the present.

9. The Debtor's disclosures in its operating reports of the small payable owed Eastport Feeds, is not accurate. During the same period of time, the Debtor has accumulated unpaid post petition debt owed to Cargill in the amount of $121,379.10 and, upon information and belief, to Kreamer Feed in the amount of $89,941.83, see *Exhibit B*.

10. In addition to the Cargill and Kreamer debt, movant has also received information which would seem to indicate that there is an additional post petition debt owed by the Debtor to Metzer Farms for the purchase of ducklings in the amount of $93,415.51, see *Exhibit C*.

11. Based upon information received by Cargill, the amount owed Metzer has been invoiced to Couak Capital, (the Debtor-in-Possession lender of the Debtor) for the purchase of ducklings between March and August 2010. Since, upon information and belief, Couak is not in the duck farming business, it is easy to assume that the Couak purchases were actually disguised post petition purchases by the Debtor.

12. If it is ultimately determined that the Debt owed Metzer Farms is not a liability of the Debtor, it is reasonable to believe that it is, instead, the liability to Metzer Farms is a *de facto* loan or advanced by Couak Capital on behalf of or to the Debtor without the same having been disclosed or approved by this Court.

## SUFFICIENT CAUSE EXISTS TO CONVERT THIS CASE TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

13. Section 1112(b)(1) of the Bankruptcy Code provides, generally, that the Court shall, upon request of a party in interest and after notice and a hearing and if there are no unusual circumstances establishing the conversion is not in the best interest of Creditors and the Estate, convert a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code for cause, if doing so is in the best interest of Creditors and the Estate.

14. Section 1112(b)(4) includes a list of what constitutes cause which may serve as a basis for a motion for conversion. In considering a motion filed under Section 1112(b) of the Bankruptcy Code, this Court need not limit its review to the grounds set forth in the statute, and may look to other factors that justify the granting of such relief. *In re: C-PC 9th Avenue Partnership 113 F3d. 1304, 1311 (2dd Cir. 1997); In re: Ameribuild Construction Management, Inc. 399 B.R. 129 (Bankruptcy S.D.N.Y. 2009; see also 11 U.S.C. §102(3)* (term "including" as used in Bankruptcy Code is not to be construed as limiting in nature).

15. In the list of examples of what constitutes cause for requiring a conversion of a Chapter 11 case to one under Chapter 7, Section 1112(b)(4)(A) lists, "substantial or continuing loss to or diminution of the estate in the absence of a reasonable likelihood of rehabilitation". Section 1112(4)(B) gives the second example of cause as being "gross mismanagement of the Estate".

16. Cargill respectfully submits to this Court that cause exists under subsections A and B of §1112(4), and as such, conversion of this case to a case under Chapter 7 is warranted.

17. Specifically, Cargill submits that the following undisputed material facts demonstrate there is "substantial and continuing loss or diminution of the Estate in the absence of a reasonable likelihood of rehabilitation," as well "gross mismanagement" of the Debtor's Estate and that the relief requested in this motion is therefore necessary and appropriate at this time:

    a. As noted above, the Monthly Operating Reports from January to August 2010 show that despite operating under the protection of Chapter 11, the

Debtor continues to operate at a loss and has sustained losses in the amount of $146,419.00.

b.    In addition to suffering losses as noted above, the Debtor has also incurred significant expenses in the form of counsel fees from its environmental counsel Sinnreich, Kosakoff & Massina and, upon information and belief, continues to incur additional fees from its bankruptcy counsel, Robinson Brog Leinwand Greene Genovese & Gluck, P.C.

c.    Lastly, without having disclosed same to the Court or Creditors, the Debtor has incurred additional post petition debts with Cargill in the amount of $121,379.10, as well as other debts, upon information and belief to Kreamer Feed in the amount of $89,941.83, and either directly to Metzer Farms in the amount of $93,415.51 or indirectly to Couak Capital in an identical amount for duckling purchases made since March 2010.

18.    Given the foregoing facts and allegations, it seems apparent that the Debtor's Estate has been and continues to be compromised by actions taken by the management currently in place to such an extent that it seems highly improbable, if not impossible, that the Debtor could successfully reorganize. As such, cause exists to convert this case to one under Chapter 7 of the Bankruptcy Code. *See generally, In re: Taub 427 B.R. 208 (Bankr. E.D.N.Y. 2010).*

19.    Cargill respectfully submits that based upon a review of the Monthly Operating Reports and Cargill's general knowledge of the Debtors operations, the Debtor will be unable to demonstrate, in opposition of this motion, that it has the ability to pay the undisclosed post petition administrative expenses and still maintain its current operation. Cargill further believes that if the Debtor is allowed to continue to operate under Chapter 11, there is a high likelihood that it will continue to incur post petition administrative expenses which will diminish the value of the Estate to the detriment of the Creditors and the Estate itself. Given the foregoing, the present management team in place with the Debtor, it is unrealistic that there will be successful reorganization and the facts of this case do not justify allowing the Debtor to remain a Debtor-in-Possession under Chapter 11 of the Bankruptcy Cope.

20.    For all of the foregoing reasons, and based upon the Debtor's apparent administrative insolvency, Cargill respectfully submits that cause exists under Section 1112(b)(4) of the Bankruptcy Code to convert this case to a case under Chapter 7 of the Bankruptcy Code.

21.    No prior request has been made for the relief requested in this motion.

## WAIVER OF MEMORANDUM OF LAW

22.     Cargill respectfully submits that this motion does not present novel issues of law requiring citation to any specific authorities other than those referenced herein and that no Memorandum of Law is necessary under Rule 9013-1(a) of the local bankruptcy rules for the Eastern District of New York.

## CONCLUSION

23.     For all of the foregoing reasons, Cargill respectfully requests that this Court enter an Order, substantially in the form submitted herewith as *Exhibit A*, converting this to a case under Chapter 7 of the Bankruptcy Code and granting Cargill such other and further relief as the Court deems just and proper.

DATED:      Buffalo, New York
            October 4, 2010
                            GETMAN & BIRYLA, LLP


                            ___/S/ Seth L. Hibbert____
                            Seth L. Hibbert, Esq.
                            *Attorneys for Cargill, Incorporated*
                            800 Rand Building
                            14 Lafayette Square
                            Buffalo, New York 14203-1995
                            Tel. (716) 853-4340


TO:     See Attached Service List

GETMAN & BIRYLA, LLP
800 Rand Building
14 Lafayette Square
Buffalo, New York 14203-1995
Tel. (716) 853-4340

*Attorneys for Credit, Cargill, Incorporated*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

IN RE:                                                              BK No. 10-70231

JURGIELEWICZ DUCK FARM,

_____Debtor._____                Chapter 11

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on the ___5th___ day of October, 2010 caused true copies of the within Motion for Order Converting Case to be served upon the parties set forth in this service list, via regular U.S. Mail or via electric case filing as so indicated.

Jurgielewicz Duck Farm
P.O. Box 68
Moriches, New York 11955

Robinson Brog Leinwand Genovese & Gluck, P.C.
875 3rd Avenue - 9th Floor
New York, NY 10022
Attn: Arnold Mitchell Greene

U.S. Trustee
Long Island Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4456

*ALL CREDITORS*

/S/ Seth L. Hibbert

_____