| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing date: April 28, 2011 |
| EASTERN DISTRICT OF NEW YORK | at 11:00 am |

-----------------------------------------------------X

In re:

    JURGIELEWICZ DUCK FARM,        Case No. 810-70231-478

                Debtor.        Chapter 11

-----------------------------------------------------X

### UNITED STATES TRUSTEE'S MOTION IN SUPPORT OF ENTRY OF AN ORDER CONVERTING THIS CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

TO:    THE HONORABLE DOROTHY T. EISENBERG,
        UNITED STATES BANKRUPTCY JUDGE:

       Tracy Hope Davis, the United States Trustee for Region 2 ("United States Trustee") in furtherance of her duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and (5) does hereby make this application in support of entry of an order pursuant to 11 U.S.C. §1112(b) converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code, because it is in the best interest of creditors.

       In support therefore, the United States Trustee represents and alleges as follows:

### PRELIMINARY STATEMENT

       Jurgielewicz Duck Farm (the "Debtor) filed a voluntary chapter 11 petition on January 12, 2010. The Debtor has continued to operate a free range duck farm in Moriches, New York. The New York State Department of Environmental Conservation ("DEC") commenced a post-petition administrative proceeding against the Debtor seeking the imposition of civil penalties and injunctive relief enjoining the Debtor from discharging pollutants into the public waters. The DEC has also cited the Debtor with multiple environmental law violations which

1

has requiring costly remedial improvements to bring its business operation to compliance. Based upon the Debtor's lack of cash flow, it is unable to fund any remedial compliance. Despite obtaining post-petition DIP financing, the Debtor has been unable to alleviate its distressed financial condition because the Debtor has continued to sustain financial losses and accrued post-petition unpaid administrative obligations throughout this proceeding. Moreover, it appears the Debtor has breached its fiduciary obligation by conducting its post-petition financial transactions through a non debtor-in-possession bank account. Contrary to the financial disclosure made by the Debtor in its MORs, the records for both the County of Suffolk and the United States Trustee show the Debtor has failed to make post-petition payments of real estate taxes and quarterly fees, respectively. There appears to be significant issues raised regarding the Debtor's post-petition financial reporting, including a failure to comply with the United States Trustee's Operating Guidelines. There is no likelihood that the Debtor can successfully reorganize. In light of the foregoing, cause has been shown under 11 U.S.C. §1112(b) to convert this chapter 11 case to one under chapter 7.

**BACKGROUND**

1.  The Debtor filed a voluntary chapter 11 petition on January 12, 2010. (Docket Entry ("DE" # 1)

2.  The Debtor owns and operates a free range duck farm in Moriches, New York. An affiliate of the Debtor, South Shore Packers, Inc., which processed the Debtor's ducks and duck products, also filed for chapter 11 protection under case number 810-70232.

3.  The Debtor's schedules indicate it owns ten parcels of real property which are encumbered. The Debtor also owes in excess of $188,000 in unsecured priority real estate taxes. There are approximately $2,787,180 in unsecured indebtedness.

4. While the Debtor's bankruptcy proceeding is pending, the DEC has exercised its police and regulatory power to enforce compliance with the New York State Environmental Law by commencing an administrative proceeding against the Debtor seeking immediate cessation of further discharges to the public waters. In addition, the DEC also seeks civil penalties of $600,000 against the Debtor. The DEC further requires the Debtor to comply with the law by upgrading its water pollution treatment system as part of the remedial measures.

5. The Debtor has failed to file its MOR for the month of February 2011. The MOR for January 2011 fails to show an accurate financial picture of the Debtor. The "Schedule of Cash Receipts and Disbursements" attached to the MOR shows a payment of $8,165 to the United States Trustee for quarterly fees; but the United States Trustee has no records of the payment made. The same schedule further shows payment of $46,113 for "Administrative" and $41,161 for "Other," but the Debtor failed to provide any reconciliations for these expense entries.

6. The "Statement of Operations" or income statement that was attached to the Debtor's January 2011 MOR, indicates a payment of $10,400 for real estate taxes, yet the County of Suffolk advised the Court that the Debtor had failed to make payments of real estate taxes since September 2010.

7. The Debtor has submitted proof to the United States Trustee that it opened a debtor-in-possession operating account at Empire National Bank in Islandia, New York, however, the Debtor has ceased using the DIP account since April 2010. The Debtor attached a non debtor-in-possession Chase bank statement to its December 2010 and January 2011 MORs, showing all of the Debtor's financial transactions.

8. The Debtor suffered a net loss of $53,854 in the month of January 2011 and has suffered a cumulative net loss of $266,203.95 since the inception of this chapter 11 case. In

January 2011 MOR also shows the Debtor accrued unpaid post-petition administrative expenses in the amount of $243,898.17.

9. On December 20, 2010, Couack Capital, Inc. ("Couack") filed a plan of reorganization ("Plan") on behalf of the Debtor, however, neither Couack nor the Debtor filed a disclosure statement or submitted an order to schedule a hearing on the approval of the disclosure statement.

10. Pursuant to a final order dated January 4, 2011, the Debtor obtained Court approval for post-petition DIP financing from Couack.

11. On March 15, 2011, the Court held a status conference on this matter and the Debtor advised the Court that the Plan was not confirmable.

## APPLICABLE LEGAL AUTHORITY

12. 28 U.S.C. §586(a)(8) states that "in any case in which the United States trustee finds material grounds for relief under §1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief. Under 11 U.S.C. §307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding. Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §157.

13. Conversion of chapter 11 cases is governed by 11 U.S.C. §1112(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which states in relevant part:

> (1) Except as provided in paragraph (2) of this subsection . . . on request of a party in interest . . . absent unusual circumstance specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this

chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

(2) the relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –

- (A) there is reasonable likelihood that a plan will be confirmed within the time frames established in §§ 1121(e) and 1129(e) of this title . . .; and

- (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --

    - (i) for which there exists a reasonable justification for the act or omission; and
    - (ii) that will be cured within a reasonable period of time fixed by the court . . .

(4) for purposes of this subsection, the terms 'cause' includes –

- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

14. Stated differently, with limited exceptions, §1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in §1112(b)(4) exist. The mandatory language of §1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)." In re TCR of Denver, LLC, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). There are only two exceptions to mandatory conversion or dismissal. The first is found in §1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court." The second exception is found in §1112(b)(2), and it operates to enable a debtor to

avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, this second exception is inapplicable if cause exists under §1112(b)(4)(a) (substantial or continuing loss to the estate).

15. Whether cause exists to convert or dismiss a case is a determination that rests within the sound discretion of the court. In re Levinsky, 23 B.R. 210, 217 (E.D.N.Y. 1982). In fact, the Bankruptcy Court has broad discretion to determine whether conversion or dismissal a chapter 11 case, so long as its decision is made based upon the best interest of creditors. See In re Gonic Realty Trust, 909 F. 2d 624, 626-27 (1st Cir 1990). While the burden of showing cause rests with the moving party, In re Pensignorkay, Inc., 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997); In re Earth Services, Inc., 27 B.R. 698, 700 (D. Vt. 1983), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other cause. Levinsky, 23 B.R. at 217; see also In re Santiago Vela, 87 B.R. 229, 231 (D. P.R. 1988); In re 3868-70 White Plains Road, Inc., 28 B.R. 515, 519 (S.D.N.Y. 1983).

16. 11 U.S.C. §1112(b)(b)(4) sets forth a list of examples of "cause." For purposes of the instant motion, under 11 U.S.C. §1112(b)(4) "cause" includes:

    (A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (F)    Unexcused failure to satisfy timely any filing or reporting requirement established by this title of by any rule applicable to a case under this chapter;

    (I)    Failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

    (K)    Failure to pay any fees or charges required under chapter 123 of title 28 . . . .

17. The list set forth at 11 U.S.C. §1112(b)(4) is illustrative and not exhaustive; a

court may find that "cause" for conversion exists based on circumstances which are not among those enumerated in 11 U.S.C. §1112(b)(4). See In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2nd Cir. 1997). Although BAPCPA significantly altered 11 U.S.C. §1112(b), the revised statute did not impact the nonexclusive nature of 11 U.S.C. §1112(b)(4). See In re Springs Hospitality, Inc., 2006 WL 2458679, *3 n.6 (Bankr. D. Idaho 2006) (concluding that the list set forth at 11 U.S.C. §1112(b)(4) is non-exhaustive, like its pre-BAPCPA corollary at 11 U.S.C. §1112(B)(1)); In re 3 RAM, Inc., 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) ("[w]hile the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in §1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not").

18. Among the considerations frequently cited by courts, in determining to dismiss or convert a Chapter 11 case, is whether a debtor has filed his petition in bad faith. See, e.g. C-TC 9th Ave. P'ship, 113 F.3d at 1310 ("[t]he good faith standard applied to bankruptcy petitions furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy") (citation and internal quotations omitted).

## ARGUMENT

**Cause exists for Court to enter an order dismissing this chapter 11 case**

**I.     Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation**

19. The Debtor has continued its post-petition business operation. Despite the Court authorized post-petition DIP financing as demonstrated in the Debtor's MORs, it cannot

meet all of its post-petition administrative expenses. In fact, since the commencement of this chapter 11 case, the Debtor has sustained a cumulative net loss of $243,898.17.

20. The DEC argues, without full remedial compliance, the Debtor's ongoing business operation continues to violate New York State law. Based upon the Debtor's current financial state, the Debtor does not have any funds to address the environmental issues. As a result, there is no reasonable likelihood of any successful rehabilitation for the Debtor. In light of the foregoing, cause has been shown in support of conversion.

**II. Unexcused failure to satisfy timely filing of monthly operating reports**

21. Since the inception of this chapter 11 case, the Debtor has been tardy in filing MORs. As of to date, the Debtor has failed to file its MOR for the monthly of February 2011. It is one of the Debtor's basic fiduciary duties to keep its creditors abreast of its updated post-petition financial condition. Failure to comply with this requirement constitutes cause under § 1112(b)(4)(F) in support of conversion of dismissal of this chapter 11 case.

**III. Failure to timely pay taxes owed after the date of the order for relief**

22. The Debtor's MORs show that the Debtor is behind with post-petition real estate taxes. The Debtor's inability to pay post-petition taxes constitutes cause in support of dismissal of this case under §1112(b)(4)(I).

**IV. Failure to pay fees required under chapter 123 of title 28**

23. Based upon the records of the United States Trustee, the Debtor has failed to pay quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) for the second, third and fourth quarters of 2010 as well as the first quarter of 2011 to the United States Trustee. Such a failure to pay statutory fees constitutes cause under § 1112(b)(4)(K) in support of conversion of dismissal of this chapter 11 case.

**IV.     Other cause exits in support of conversion or dismissal**

24.     Pursuant to the United States Trustee's Operating Guidelines, the Debtor is required to open a debtor-in-possession bank account in an approval depository.  The Debtor did comply with this requirement and opened a debtor-in-possession bank account at Empire National Bank, however, the Debtor ceased using this DIP account in April 2010.  It appears that the Debtor subsequently opened a non debtor-in-possession Chase account and conducted its post-petition financial transactions through this account.  The Debtor's action is a blatant violation of its fiduciary responsibilities as a debtor-in-possession.

25.     In light of the foregoing, cause exists under 11 U.S.C. §1112(b) in support of an order dismissing this chapter 11 case.

## **CONCLUSION**

26.     The Debtor has been under the protection of this Court for more than a year.  Not only has it failed to make any progress toward a successful reorganization, its financial condition has deteriorated.  Its MORs show the Debtor has accrued a significant amount of unpaid post-petition administrative obligations.  The Debtor has failed to pay statutory fees to the United States Trustee and post-petition taxes to the County of Suffolk.  The MORs further demonstrate the Debtor has sustained significant financial losses in its post-petition business operation.  The Debtor has failed to accurately report its financial state and conducts post-petition financial transactions through a non debtor-in-possession bank account.  Lastly, the Debtor does not have the funds to complete the remedial environmental work that is required under New York State law.  Based upon the Debtor's current financial condition, there is no reasonable likelihood that the Debtor can reorganize.  In light of the foregoing, it is submitted that cause has been shown in support of conversion of this chapter 11 case.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A. Converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code;

B. Requiring the payment of the United States Trustee's quarterly fees through the date of entry of the order dismissing the case; and

C. Granting such other and further relief as may seem just and proper.

Dated: Central Islip, New York
April 8, 2011

                                             TRACY HOPE DAVIS
                                             UNITED STATES TRUSTEE
                                             Region 2

                                             **_/S/ Stan Y. Yang_**
                                             Stan Y. Yang
                                             Trial Attorney

                                             560 Federal Plaza
                                             Central Islip, New York 11722
                                             631-715-7800

| UNITED STATES BANKRUPTCY COURT | Hearing date: April 28, 2011 |
| EASTERN DISTRICT OF NEW YORK | at 11:00 am |

-----------------------------------------------------X

In re:

       JURGIELEWICZ DUCK FARM,        Case No. 810-70231-478

                   Debtor.                  Chapter 11

-----------------------------------------------------X

**NOTICE**

To the Debtor and Other Parties In Interest:

**PLEASE TAKE NOTICE THAT:**

       1. Upon the application of the United States Trustee for the Eastern District of New York, a hearing will be held before the Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge, of the United States Bankruptcy Court, Long Island Federal Courthouse, 760 Federal Plaza, Central Islip, New York, on **April 28, 2011at 11:00 A.M..** or as soon thereafter as counsel may be heard, for an order converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code and such other and further relief as may be deemed just and proper.

       2. The original application is on file with the Clerk of the Bankruptcy Court and with the United States Trustee and may be reviewed at either office during regular business hours.

       3. Responsive papers, if any, shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722, shall be in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with General Order No. 463 (which can be found at www.nyeb.uscourts. the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers) and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Stan Y. Yang, Esq., no later than five (5) days prior to the hearing date set forth above. The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
       April 8, 2011                                 TRACY HOPE DAVIS
                                                       UNITED STATES TRUSTEE
                                                       FOR REGION 2
                                                       560 Federal Plaza
                                                       Central Islip, New York 11722
                                                       (631) 715-7800

| UNITED STATES BANKRUPTCY COURT | Hearing date: April 28, 2011 |
| EASTERN DISTRICT OF NEW YORK | at 11:00 am |

---------------------------------------------------------X

In re:

    JURGIELEWICZ DUCK FARM,        Case No. 810-70231-478


                     Debtor.        Chapter 11

---------------------------------------------------------X    **NOTICE OF MOTION**

        PLEASE TAKE NOTICE that, upon the annexed application, the United States Trustee for the Eastern District of New York will move this Court before the Honorable Dorothy T. Eisenberg, Bankruptcy Judge of the United States Bankruptcy Court at 760 Federal Plaza, Central Islip, New York on **April 28, 2011, at 11:00 A.M.** or as soon thereafter as counsel can be heard, for an order pursuant to 11 U.S.C. §1112(b) converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code and such other and further relief as may be deemed just and proper.

        Responsive papers shall be filed with the Bankruptcy Court and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Y. Yang, Esquire, no later than three (3) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and the entity submitting the response, the nature of the response and the basis of the response.

Dated:  Central Islip, New York
        April 8, 2011

                                TRACY HOPE DAVIS
                                UNITED STATES TRUSTEE
                                Region 2

                                **/S/  Stan Y. Yang**
                                Stan Y. Yang
                                Trial Attorney

                                560 Federal Plaza
                                Central Islip, New York
                                (631) 715-7800

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing date: April 28, 2011 |
| EASTERN DISTRICT OF NEW YORK | at 11:00 am |

-------------------------------------------------------X

In re:

    JURGIELEWICZ DUCK FARM,           Case No. 810-70231-478

                               Debtor.                      Chapter 11

-------------------------------------------------------X    **AFFIDAVIT OF SERVICE**
                                                                                   **BY MAIL**

STATE OF NEW YORK)
                              :ss
COUNTY OF SUFFOLK )

Linda Kmiotek, being duly sworn, deposes and says:

        1.  I am not a party to this action, am over the age of 18 years and am employed at the Office of the United States Trustee for the Eastern District of New York, 560 Federal Plaza, Central Islip, New York 11722

        2.  On April 8, 2011, I served a true copy of the annexed **Application In Support of an Order to Convert This Case From One Under Chapter 11 To A Case Under Chapter 7 Of The Bankruptcy Code**, by depositing same in a sealed envelope, with postage pre-paid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addresses listed on the attached list.

                                                        */S/ Linda Kmiotek*
                                                        Linda Kmiotek

Sworn to before me on the
8th day of April, 2011

*/S/ Stan Y. Yang*
Notary Public

*Stan Y. Yang*
*Notary Public, State of New York*
*No. 31-4977344*
*Qualified in Nassau County*
*Commission Expires February 4, 2011*

13

MAILING LIST

Arnold Mitchell Green
Robinson Brog Leinwand Green
1345 Avenue of the Americas
31st Floor
New York, New York 10105

Jurgielewicz Duck Farm
P.O. Box 68
Moriches, New York 11955