ID No.: 13-291171

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for **COUAK CAPITAL, INC.**
425 Park Avenue
New York, NY  10022
(212) 754-9400
Barton Nachamie (BN-6732)
Jill Makower (JM-4842)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| JURGIELEWICZ DUCK FARM, | : | Case No.: 10-70231(DTE) |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### OBJECTION OF COUAK CAPITAL CORP. TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE DEBTOR TO SELL REAL PROPERTY LOCATED AT McCUTCHEONVILLE ROAD, WAYNE, OHIO

Couak Capital Corp. ("Couak"), a secured creditor and party in interest in this proceeding, submits this objection to the motion dated March 18, 2011 ("Motion") of Jurgielewicz Duck Farm, the above captioned debtor and debtor-in-possession ("Debtor"), seeking an Order pursuant to Section 363 of Title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor to sell real property consisting of 176 acres of land and improvements thereon known as McCutchenville Road, Wayne, Ohio (the "Ohio Property") as more specifically set forth in the Motion and Purchase Agreement, subject to higher and better offers, free and clear of any and all liens, claims, encumbrances and

interests and such other and further relief as the court deems just and proper, and respectfully represents:

<h2 style="text-align:center"><u>Background</u></h2>

1.      The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 12, 2010 (the "Petition Date").

2.      The Debtor is operating as a debtor in possession under Bankruptcy Code §1107(a) and §1108.

3.      No Official Committee of Unsecured Creditors has been appointed in this case.

4.      The Debtor is a party to that certain Debtor-in-Possession Credit Agreement, as amended (the "DIP Credit Agreement"), as authorized by this Court's final DIP Financing Order entered January 4, 2011 (the "Final DIP Financing Order").

5.      Couak is the lender under the DIP Credit Agreement.

6.      The Final DIP Financing Order provides, in section 12, that:

"As security for the full and timely payment and performance of the Obligations, the Lender [Couak] is hereby granted, pursuant to Section 364(c)(2) and (3) and 364(d) of the Bankruptcy Code, (1) a continuing first-priority senior security interest in and lien on the Collateral, subject only to the Carve-Out Expenses; and (2) **<u>a security interest in and lien on all of the Debtor's real property, subject and junior in priority to valid, perfected, enforceable and non avoidable liens and interests on all of the Debtor's real property, as of the Petition Date</u>**."

Final DIP Financing Order, ¶12 (emphasis added).

7.      As a result, Couak has a valid lien on the Ohio Property subject to prior liens in favor of Cargill, Inc. and Kalmbach Feeds, Inc.

8.     Couak is presently owed approximately $538,500.00 pursuant to the DIP Credit Agreement.

9.     The proposed sale of the Ohio Property would serve to extinguish Couak's lien without providing any compensation or consideration to Couak.

### Argument

**The Debtor Has Not Established that the Proposed Sale of the Ohio Property Can Be Authorized under Section 363(b) of the Bankruptcy Code**

10.     The Debtor seeks approval of the sale of the Ohio Property to Chad Reynolds as purchaser (the "Purchaser"), subject to higher and better offers, for the purchase price (the "Purchase Price) of $515,000, free and clear of any and all claims, liens, encumbrances and other interests but subject to existing leases[1].

11.     In a sale pursuant to Bankruptcy Code 363(b), the Debtor has an obligation to maximize revenues for the bankruptcy estate.  In re Bakalis, 220 B.R. 525 (Bankr. E.D.N.Y. 1988); In re S.N.A Nut Co., 186 B.R. 98, 104 (Bankr. N.D. Ill. 1995); In re Mondie Forge, Inc. 148 B.R. 499, 502 (Bankr. N.D. Ohio 1992).

12.     Prior to the filing of the Debtor's Motion, Couak obtained an appraisal for the Ohio Property dated November 23, 2010 (the "Couak Appraisal"), and provided a copy of it to the Debtor and its counsel.  (A copy of the Couak Appraisal is attached hereto as **Exhibit "A"**.)

---

[1] Couak is the lessee under one of the existing leases.

13.     Despite having possession of the Couak Appraisal, the Debtor has not provided the Court or parties in interest with an appraisal, formal or otherwise, with regard to the valuation of the Ohio Property.

14.     The Couak Appraisal indicates a market value for the Ohio Property as being in excess of $709,000 – almost 40% higher than the Purchase Price.

15.     In addition to the dearth of information from the Debtor as to the valuation of the Ohio Property, the Motion contains virtually no information regarding the Debtor's prior efforts to market the Ohio Property.

16.     The Debtor's Motion fails to explain whether or how the Debtor exercised business judgment.  The Debtor has presented insufficient information to allow parties to make an informed decision with respect to the relief requested by Debtor particularly with respect to whether the proposed Purchase Price is appropriate and whether the proposed sale will generate the highest and best return for all creditors.

17.     The Debtor did not file proposed Bidding Procedures with the Court prior to the filing of its Motion.

18.     Instead of following the traditional path associated with real estate sales done pursuant to Section 363 of the Bankruptcy Code, the Debtor concluded – on its own – that providing notice of the sale to six (6) local farmers "who may entertain an interest" would better serve the interests of the Debtor's creditors and maximize recovery on the sale of the Ohio Property.

19.     This conclusion by the Debtor is inconceivable and at odds with long established practices in bankruptcy courts.

20.     What is most conspicuous, however, is the fact that the proposed sale agreement for the Ohio Property contains provisions including a break-up fee – provisions that would typically be included in a bidding procedures motion and approved by the Court.

21.     Clearly, the Debtor contemplated that multiple bidders would emerge with respect to the Ohio Property – otherwise, it would not have included a break up fee in the sale agreement.

22.     In fact, other bidders did emerge as reflected by the Limited Objection filed by Kalmbach Feeds, Inc. identifying itself as the highest bidder for the Ohio Property with a bid of $625,000.00.

23.     Yet, the Kalmbach bid for the Ohio Property is still at a significant discount to the market value set forth in the Couak Appraisal.

24.     The reason that sales pursuant to Section 363 of the Bankruptcy Code are typically undertaken in a two-step process (i.e., bidding procedures are approved followed by a formal sale motion) is to ensure that proper sale techniques are followed that are fair, reasonable and necessary to promote the best sale price. Considerations include whether the procedures (1) are in the best interests of the Debtor; (2) are in the best interests of creditors; (3) allow for competitive bidding; and (4) allow a sale to close in a reasonable time.

25.     The Debtor deprived the Court and other creditors of the opportunity to evaluate the foregoing by neglecting to file a bidding procedures Motion.

26. Accordingly, Couak asks that the Court sustain its objection and deny the Debtor's Motion to sell the Ohio Property.

**The Debtor Has Not Satisfied the Requirements of Bankruptcy Code Section 363(f) for a Sale Free and Clear of Liens, Encumbrances and Interests.**

27. Under Bankruptcy Code section 363(f), a debtor-in-possession may sell property free and clear of a lien, encumbrance or interest in such property only if:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

28. The Debtor has not satisfied, and cannot satisfy, any of these requirements. The Debtor has not stated which provision of §363(f) it relies upon. Presumably, the Debtor relies upon section 363(f)(2), as the Motion states that "Couak consents to the proposed sale of the Ohio Property." (Motion, ¶6). Couak, however, does <u>not</u> consent to the proposed sale. (Couak would, however, consider consenting to a sale of the Ohio Property that addresses Couak's concerns regarding the marketing of the Ohio Property and that provides adequate consideration to Couak for its lien on the Ohio Property.)

29. Since the Ohio Property is not being sold for an amount greater than the aggregate amount of the liens against the Ohio Property, the sale may

not be approved free and clear of liens under Bankruptcy Code §363(f)(3). <u>See</u>, <u>e.g.</u>, <u>In re Canonigo</u>, 276 B.R. 257 (Bankr. N.D. Cal. 2002); <u>In re Perroncello</u>, 170 B.R. 189, 191 (Bankr. D. Mass. 1994); <u>In re Terrace Chalet Apartments, Ltd.</u>, 159 B.R. 821, 828-29 (N.D. Ill. 1993); <u>In re Bobroff</u>, 40 B.R. 526 (Bankr. E.D. Pa. 1984).

30.     Couak's lien against the Ohio Property is not in bona fide dispute, as it was specifically established and authorized pursuant to the Final DIP Financing Order.  Thus, the Debtor cannot satisfy §363(f)(4).  Nor can the Debtor satisfy §363(f)(1) or (f)(5).

31.     Based on the above, the Debtor should not be authorized to sell the Ohio Property free of Couak's lien pursuant to Bankruptcy Code section 363(f).

**WHEREFORE,** Couak respectfully requests that the Court deny the Debtor's Motion, and grant such other and further relief as is just and equitable.

Dated: New York, New York
        May 16, 2011

TODTMAN, NACHAMIE, SPIZZ
        & JOHNS, P.C.
Attorneys for Couak Capital, Inc.


By:  s/ Barton Nachamie
        Barton Nachamie(BN-6732)
        Jill Makower (JM-4842)
425 Park Avenue
New York, New York 10022
(212) 754-9400